Windsor,
February,
1838.

JEREMIAH AVERY v. WILLIAM LEWIS, JR. and JOSIAH CHANDLER, JR.

In an action of debt on a joint bond, on a plea that no such execution issued as was described in the bond, and the plea traversed, a misdescription, as to the damages and cost mentioned in the execution, is a variance, and if the execution offered in evidence varies from the one described in the bond and in the judgment, it is not sufficient to support the issue.

Where an execution was issued on a judgment, rendered by a justice of the peace for the county of R., dated in a town within said county, it is not void because a different venue is laid in the margin.

A mistake in an execution, in the name of a town where the jail is situated, does not render the execution void.

THIS was an action of debt, on two jail bonds, and came to the county court by appeal from a justice of the peace.

The plaintiff declared in two counts;

First, setting forth that the plaintiff recovered a judgment against the defendant, Lewis, on the 7th day of November, 1833, at Sherburn, in the county of Rutland, by the consideration of Richard Eastbrook jr. a justice of the peace, in and for said county of Rutland, for the sum of seven dollars damages, and four dollars and seventy six cents cost; that an execution issued upon said judgment, for the sums aforesaid, directed to the sheriff of Windsor county &c. in due form of law, dated the 8th day of November, 1833, upon which the said Lewis was committed to the common jail in Woodstock, in the county of Windsor, and to procure for said Lewis the liberties of the jail yard, the defendants gave a jail bond, the condition of which had been broken and the jail bond assigned to the plaintiff.

Secondly, that the plaintiff recovered a judgment against said Lewis, on the same seventh day of November, 1833, at Sherburne aforesaid, for the sum of five dollars and twenty five cents damages, and two dollars eighty-two cents costs; that an execution issued upon said judgment, for the sums aforesaid, in due form of law, dated the 8th day of November, 1833, upon which the said Lewis was committed to the common jail in Woodstock, in said county of Windsor, and defendants gave a jail bond, to procure the liberty of the jail yard for said Lewis, the condition of which had been broken, and the bond assigned to the plaintiff.

The defendants, in the justice court, pleaded;—

First, that the plaintiff never took out such executions, in manner and form as alleged in his declaration.

Secondly, that neither of said executions contained any command to the sheriff of Windsor county, or other proper officer, to commit said Lewis to the common jail, in said Woodstock ; and issue was joined.

Upon the trial in the county court, the plaintiff offered in evidence, in support of the first count, a copy of the record of a judgment, in favor of the plaintiff, and against said Lewis, which, after reciting the writ, recognizance and service, is as follows ;

" State of Vermont, Rutland County, ss.

" Be it remembered, that, at a justice court, holden before " me, at Sherburne, on the 7th day of Nov. 1833, William " Lewis, jr. of Windsor, was attached to answer unto Jere- " miah Avery, of Sherburne, in an action on the case, de- " manding the sum of ten dollars damage, as per original " writ on record more fully appears—at which time the plain- " tiff came, and the defendant came by J. Chandler, jr. his " attorney, and put themselves on the court for trial, where- " upon, it was adjudged by the said court, that the plaintiff " recover of the defendant the sum of seven dollars, for his " damages, and the sum of four dollars and seventy-six cents " costs, whereof he may have execution.

Richard Eastabrook, jr. justice peace."

The plaintiff also offered a copy of a writ of execution, purporting to have been issued on said judgment, directed to the sheriff of Windsor county, &c. for the sum of seven dollars damages, and seventy-six dollars and four cents costs, amounting, as stated in said execution, to eleven dollars, wherein the sheriff was commanded to commit said Lewis to the common jail in Windsor, in the county of Windsor ; up- on which the said Lewis was committed to the common jail in Woodstock, and a jail bond given thereon, which bond re- cited the judgment and execution as being for seven dollars damages, and four dollars seventy six cents costs.

In support of the second count, the plaintiff offered in evidence a copy of a judgment in favor of plaintiff, and against said Lewis, which, after reciting the writ, recogni- zance and service, is as follows ;

Windsor,
February,
1838.

Avery
v.
Lewis &
Chandler.

WINDSOR,
*February,*
1838.

Avery
*v.*
Lewis &
Chandler.

" State of Vermont, Rutland County, ss.

" Be it remembered, that, at a justice court, holden before " me at Sherburne, on the 7th day of Nov. 1833, William " Lewis, jr. of Windsor, was attached to answer unto Jere- " miah Avery of Sherburne, in an action on the case, de- " manding the sum of ten dollars, as per original writ on rec- " ord more fully appears, at which time the plaintiff came, " and the defendant came by J. Chandler, jr. his attorney, and " put themselves on the court for trial. Whereupon, it was " adjudged by the court, that the plaintiff recover of the de- " fendant the sum of five dollars twenty-five cents for his " damages, and the sum of two dollars eighty two cents for " his costs, whereof he may have execution.

Richard Eastabrook, jr. justice peace."

The plaintiff also offered a copy of a writ of execution issued on said judgment, for the damages and costs aforesaid, beginning as follows; "State of Vermont, Windsor County, ss." directed to the sheriff of Windsor county, &c., commanding him to commit said Lewis to the common jail in Windsor, in the county of Windsor, upon which the said Lewis was committed to the jail in Woodstock, and a jail bond given on said execution, wherein the judgment and execution aforesaid were correctly recited. Both writs of execution were dated at Sherburne, and signed by said justice Eastabrook.

Upon this evidence, the county court charged the jury that the plaintiff was not entitled to recover, and the jury returned a verdict for the defendants.

The plaintiff excepted.

*O. P. Chandler,* for plaintiff.

As to the allegation that no such execution issued, as is recited in the bond, mentioned in the second count, we say that the bonds do not set out the executions in *hæc verba,* and there is clearly no variance in respect to the execution, issued on the judgment for $5,25 damages, and $2,82 costs. In respect to the other execution, it is perfectly apparent, upon inspection, that the execution offered is evidence is the same execution referred to in the bond, and although the defendants in making their bond, thought proper to correct an obvious clerical error in the execution, it will not be permitted for them to take advantage of that fact to avoid their

WINDSOR.
*February,*
1838.

Avery
*v.*
Lewis &
Chandler.

bond.   We think that if no other difficulty existed, it should have been left to the jury, to say, whether the execution offered was in fact the same referred to in the bond.

The next inquiry is, as to the executions themselves.

It seems to be well settled, that mere irregularity in the process, will not avail the defendant in this action, that if it is merely irregular, it is in force until set aside by writ of error, which must be brought by the party himself, at which time the defendant can move to amend the execution. Such irregularity cannot, therefore, be taken advantage of, thus indirectly, either by the sheriff or his bail, but they will be liable to the defendant in such sum, as he might collect on the execution when amended.

The only defect that will be relied on, in respect to the execution, mentioned in the second count is, that the venue in the margin of the execution, is set up as " Windsor county, &c." while in the body of the execution it appears to be dated at Sherburne, which is in the county of Rutland, where the judgment was rendered.   This is clearly amendable, and does not render the execution void.

If the name is incorrectly stated in the margin, and is truly stated in the body of the execution, this will not vitiate the proces.   *Mellon* v.   *Barber,* 3 D. & E. 387.

As to the execution mentioned in the first count, it is merely irregular.   In this the venue is correct, but in the recital of the previous judgment, the cost is stated at $76,04. Now this process, upon the face of it, is regular.   It is issued by proper authority, having jurisdiction over the parties, and the subject matter, and although the cost appears to be larger than the debt, yet this might arise out of an action of trespass, or by continuance of defendant or otherwise, besides if not, it would be erroneous and not void.   The sheriff was, therefore, bound to serve it, unless it were void, being founded upon a void judgment.   But we find the judgment was regular, and the variance in the execution is an obvious clerical error, discoverable upon the record itself. But it is well settled, that a mere misprision of the court, of this description, will not render the execution void, but the same may be amended.   The party has not been injured. The sheriff was directed only to collect $11,00 in the whole, and the bond which he gave, was for the true amount of the

judgment. The defendant ought to recover the amount of the original judgment, and it is not for defendant or his bail to object in this manner. *Croke Elizabeth*, 165, *Croke James*, 288. *Bissell* v. *Kip*, 5 Johns. R. 100. *Jones* v. *Cook*, 1 Cowen's R. *Young* v. *Hosmer*, 11 Mass. R. 89. *Holmes* v. *Williams*, 3 Caines' R. 97. 6 Cowen's R. 50. *Wm. Jarvis jr.* v. *Josselyn & Avery*, 8 Vt. R. 287, *Larvach* v. *Washborough*, 2 D. & E. 737.

*Aikens & Edgerton*, for defendants.

This judgment ought to be affirmed ;—

I. Because the defendants' several pleas in bar were not demurred to, admitted and avoided, nor traversed, and judgment should have been for the defendants, for want of a replication. *Sherwin et al.* v. *Bliss*, 4 Vt. R. 99.

II. The executions, on which Lewis is alleged to have been committed, on the occasion of giving the bonds, were not supported by the judgments which were given in evidence, but were variant and unsupported by *any judgments*.

1. The judgments given in evidence were rendered in *Rutland* county.

2. The judgments, on which the executions issued and which are therein recited, were rendered in *Windsor* county,—and the justice had no jurisdiction in that county.

And the defendants are not estopped to deny or insist on the truth of the recital. *Stilman et al.* v. *Barney*, 4 Vt. R. 187·

III. The executions contained no command, or permission to the plaintiff or his officer, to commit the said Lewis to the jail in Woodstock, where the bonds were taken. *Lewis* v. *Avery et al.* 8 Vt. R. 287.

The opinion of the court was delivered by

WILLIAMS, C. J.—It does not appear that any question was raised in the county court in relation to the pleadings. The case was probably treid on the pleadings put in before the justice. The two judgments and executions, as well as the bond were either given or offered in evidence, and the court, without any reference to the pleadings, as we can learn from the case, charged the jury that the evidence was not sufficient to enable the plaintiff to recover.

The evidence did not prove the first count. The bond

purports to have been taken on a judgment and execution, for the sum of seven dollars damages, and four dollars seventy six cents costs. The execution was for seven dollars damages, and seventy six dollars and four cents costs. When the damages and costs are added together in the execution, they do not agree with the amount, as described in the bond. This was a variance, and presented a question for the court to determine. They should have excluded the execution from being given in evidence, or have determined that the evidence did not support the issue. This was their decision and we think it was correct. The plaintiff failed to support the first count.

On the second count, the execution, given in evidence, and the one recited in the bond, agreed as to sums and dates. But in the margin of the execution, it is entitled as of Windsor county, and after the name of the defendant, instead of saying, *of* the county of Windsor, it reads *in* the county of Windsor. And it is argued that from this it is to be inferred, that the judgment was rendered in the county of Windsor. If there had been nothing in the execution, by which it would have appeared that the judgment was rendered in the county of Rutland, the venue in the margin would determine where the judgment was rendered. If there is, the venue in the margin will not control. It may help, but it cannot hurt.

It appears that the execution issued on a judgment, rendered by a justice of the peace, for the county of Rutland, and it is dated at Sherburn, which is in the county of Rutland. It would be a violent and unwarrantable presumption, that the magistrate went out of his jurisdiction into another county to try a cause, and came back to issue the execution. The words *in the county of Windsor*, after the name of the debtor, obviously apply to his residence,—are a part of the description of the person, and cannot be considered as describing the place where the judgment was rendered, which need not in any case be inserted in the execution. The judgment itself also appears to be regular.

The question raised by the plea, that the execution contained no command to commit the debtor to the jail in Woodstock, was decided in the case of *Lewis* v. *Avery*,

Windsor, February, 1838.

Avery *v.* Lewis & Chandler.

WINDSOR,
February,
1838.
——————
Avery
v.
Lewis &
Chandler.

8 Vt. R. 287. A mistake in the name of the town, where the jail is situated, is to be treated as a clerical error, and does not render the execution void, or the imprisonment unlawful. The evidence on this count appears to have been sufficient to entitle the plaintiff to recover. As to this count the charge was erroneous.

The judgment must, therefore, be reversed.